Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (424) 258-6815

*Attorneys for Plaintiff*
*Covves, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVVES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION and TARGET BRANDS, INC.,<br><br>    Defendants. | Case No. 2:23-cv-00640<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

Plaintiff Covves, LLC ("Covves"), for its Complaint against Target Corporation and Target Brands, Inc., states and alleges as follows:

## The Parties

1. Covves is a limited liability company organized and existing under the laws of the State of California, located at 23145 Kashiwa Court, Torrance, CA 90505.

2. Target Corporation is a corporation organized and existing under the laws of Minnesota with an address of 1000 Nicollet Mall, Minneapolis, MN 55403.

3. Target Brands, Inc. is a corporation organized and existing under the laws of Minnesota with an address of 1000 Nicollet Mall, Minneapolis, MN 55403.

Target Corporation and Target Brands, Inc. are referred to collectively as "Target."

## Nature of the Action

4. This is an action at law and in equity for design patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*.

5. This action arises by reason of Target's willful and unauthorized copying of Covves' design patents for unicorn-shaped inflatable toys. Covves seeks recovery of Target's total profits from infringing sales and additional relief as set forth below.

## Jurisdiction and Venue

6. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Target because it does substantial business and sales in this District and advertised, distributed, offered for sale, and sold products that infringe Covves' patents in this District. Target committed tortious acts against Covves in this District, where Covves' principle place of business is located.

8. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

9. Specifically, venue is proper over Target under 28 U.S.C. § 1400(b) because it committed acts of infringement and has regular and established places of business in this District, including operating at least three Target distribution centers in this District, as well as operating numerous Target store locations in this District, including but not limited to stores at: (a) 3535 S. La Cienega Blvd., Los Angeles, CA 90016; (b) 735 S. Figueroa St., Los Angeles, CA 90017; (c) 8480 Beverly Blvd. Ste. 1A, Los Angeles, CA 90048; (d) 3131 S. Hoover St. #1910, Los Angeles, CA 90089; (e) 3471 W. Century Blvd., Inglewood, CA 90305; and (f) 6000 Sepulveda Blvd., Ste 2250, Culver City, CA 90230.

///

**Patents-in-Suit**

10. Covves owns two design patents that are at issue in this case, both of which relate to unicorn-shaped inflatables—one for a pool float and one for an inflatable drink holder.

11. The U.S. Patent & Trademark Office ("USPTO") issued U.S. Patent No. D787,617 (the "'617 patent"), titled "Inflatable Toy," on May 23, 2017, from an application dated August 24, 2015.

12. The USPTO issued U.S. Patent No. D783,370 (the "'370 patent"), titled "Inflatable Beverage Holder," on April 11, 2017, from an application dated November 8, 2016.

13. Covves is the owner by assignment of all right, title, and interest in the '617 patent and '370 patent (together, the "Patents-in-Suit"), including all rights to sue and collect for past, present, and future damages.

**Facts Underlying Causes of Action**

*Covves Invents Unicorn Floaties*

14. Covves sells high-quality inflatable pool toys under the brand names "Kololo," "#Floaty," and "#GetFloaty."

15. Covves' invented the unicorn pool float, originally sold as the "Giant Unicorn," and popularized it worldwide beginning in 2016-17. Covves' original Giant Unicorn float is shown below.



16. This unicorn pool toy has a unique patented design, which is protected by Covves' '617 patent.

17. Covves also sells the "Mini Unicorn Cup Holder," a smaller inflatable unicorn-shaped drink holder with a unique design protected by the '370 patent.

18. Unicorn floats did not exist before Covves invented and popularized them.

19. Covves practices both of the Patents-in-Suit domestically and worldwide, selling products embodying the patents from various channels including its website, https://getfloaty.com/, and through online retailers, including Amazon.com and HSN.com.

20. Covves has over 22,000 followers on its Instagram page (https://www.instagram.com/getfloaty/), which contains many photographs of products that embody the Patents-in-Suit.

21. Covves unicorn floats embodying the Patents-in-Suit have been featured on *The Today Show*, *Vogue*, *Elite Daily*, *Popsugar*, and *Harper's Bazaar*, among other media sources.

22. Covves has a history of arms-length licensing deals with third parties, licensing its unicorn pool floats for $10.00 per float and its unicorn cupholders for $1.00 per cupholder.

### Target's Infringements in 2017-2020

23. In or about 2017, Target decided to capitalize on Covves' hard work and success by selling inflatables that copied Covves' intellectual property.

24. Beginning in or about early 2018, Target began advertising and selling unicorn pool floats (collectively, "Target Unicorn Floats") that misappropriated the patented design of Covves' unicorn floats.

25. Over the next several years, Target sold at least three different versions of Target Unicorn Floats, each of which copied Covves' design claimed in the '617 patent. These included the "Glitter Wing Unicorn Pool Float," the "Unicorn Lil

Float," and the "Unicorn Pride Pool Float."

26. Target also sold inflatable unicorn-shaped cupholders called "Unicorn Bev Boats," which copied Covves' design claimed in the '370 patent.

27. Target incorporated the Target Unicorn Floats and Unicorn Bev Boats into its "Sun Squad" collection—Target's own house brand for summer fun toys and games. Target designed and selected the packaging for these products and specified various aspects of the product design.

28. Below are true and correct photographs of Target's infringing floats next to one of the images from the applicable Patent-in-Suit.

**'617 patent, Fig. 1**               **Target Glitter Wing Unicorn Pool Float**



**'617 patent, Fig. 1**               **Target Unicorn Lil Float**



/ / /

/ / /

| '617 patent, Fig. 1 | Target Pride Float |
|---|---|



| '370 patent, Fig. 2 | Target Unicorn Bev Boat |
|---|---|



29. The images above are demonstrative of the similarity between Target's floats and Covves' patented designs.

30. With regard to the Target Unicorn Floats and the '617 patent design, both feature a raft body with an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a raised, three-dimensional mane. The mane begins behind the horn and rests atop the head and neck between the pointed ears. A tail with swooping bend is affixed to the rear of the raft body.

31. With regard to the Target's Unicorn Bev Boat and the '370 patent design, both feature a rounded body with a rounded empty space in the center.

Affixed to the body is an elongated neck. Atop the neck rests a head affixed with a horn, two pointed ears, and a raised, three-dimensional mane. The mane begins behind the horn and rests atop the head and neck. The eye is comprised of a black circle, containing a smaller white circle. A tail with a swooping bend is affixed to the rear of the rounded body.

32. Pictured below are Covves' patented "Giant Unicorn" product (left) and one of the Target Unicorn Floats sold by Target (right).



33. Pictured below are Covves' patented "Mini Unicorn Cupholder" (left) and the Unicorn Bev Boat (right) sold by Target.




34. The designs of the Target Unicorn Floats are substantially the same as the design protected by Covves' '617 patent such as to deceive an ordinary observer into inducing them to purchase Target's products supposing them to be Covves'.

35. The design of Target's Unicorn Bev Boats is substantially the same as the design protected by Covves' '370 patent such as to deceive an ordinary observer into inducing them to purchase Target's products supposing them to be Covves'.

36. Target's selling, offering for sale, distributing, and advertising the Target Unicorn Floats has directly infringed the '617 patent.

37. Target's selling, offering for sale, distributing, and advertising the Unicorn Bev Boats has directly infringed the '370 patent.

### *Target's Knowledge of Infringement*

38. Covves initially filed suit for design patent infringement against Target and other defendants in this District in October 2018 ("Initial Case"). In its Complaint in the Initial Case, Covves identified that Target was infringing the Patents-in-Suit.

39. During litigation of the Initial Case, Target's legal counsel produced documents showing that the manufacturer of the Target Unicorn Floats, BigMouth, Inc. ("BigMouth"), had intentionally copied the patented design of Covves' original unicorn float.

40. Specifically, BigMouth was in possession, custody, or control of two design documents relating to the design of the unicorn floats at issue—both of which contained photos of Covves' Giant Unicorn float, a commercial embodiment of the '617 patent. An email chain between a BigMouth product designer and BigMouth's Chinese manufacturer shows BigMouth sent the photo of Covves' float to the manufacturer, and the manufacturer created a sample float based on the design of Covves' Giant Unicorn float. The accused floats that were produced after BigMouth sent the design documents to its manufacturer, including the Target Unicorn Floats made for Target, bore the same features as Covves' patented design.

41. Target and the other defendants settled the Initial Case shortly before trial in January 2020. However, the settlement agreement was subsequently breached, which, by the express terms of the agreement, enabled Covves to re-file

and re-open its claims for infringement against Target that were brought in the Initial Case.

### *Target's Subsequent Infringements in 2022*

42. In 2022, Covves learned that Target was once again selling unicorn pool floats and inflatable drink holders that are copied from Covves' patented designs.

43. In particular, Target has sold and is continuing to sell an inflatable pool float on its website, www.target.com, called the "Rainbow Unicorn Inflatable Swimming Pool Tube Ring Float" (the "Rainbow Ring Float").

44. A screenshot of the Rainbow Ring Float as shown on Target's website is included below, next to an embodiment of Covves' '617 patent.

**Covves Giant Unicorn Float**  **Target Rainbow Ring Float**




45. The design of the Rainbow Ring Float sold by Target is substantially the same as the design protected by Covves' '617 patent such as to deceive an ordinary observer into inducing them to purchase Target's products supposing them to be Covves'.

46. Target's selling, offering for sale, distributing, and advertising the Rainbow Ring Floats has directly infringed the '617 patent.

47. In addition, Target has sold and is continuing to sell an inflatable unicorn-shaped drink holder on its target.com website, which is called the

"Inflatable Unicorn Swimming Pool Floating Drink Holder" ("Rainbow Drink Holder").

48. A screenshot of the Rainbow Drink Holder as shown on Target's website is included below, next to an embodiment of Covves' '370 patent.

**Covves Mini Unicorn Cupholder**    **Target Rainbow Drink Holder**

 

49. The design of the Rainbow Drink Holder sold by Target is substantially the same as the design protected by Covves' '370 patent such as to deceive an ordinary observer into inducing them to purchase Target's products supposing them to be Covves'.

50. Target's selling, offering for sale, distributing, and advertising the Rainbow Drink Holder has directly infringed the '370 patent.

51. Target's infringement is willful and deliberate, as it has sold and offered to sell the Rainbow Ring Floats and Rainbow Drink Holders with knowledge of Covves' Patents-in-Suit and patented designs.

## Count 1

### Infringement of US. Patent No. D787,617 (Target Unicorn Floats)

52. Covves incorporates each paragraph above into this claim.

53. Covves is the owner of the '617 patent.

54. Target has directly infringed the '617 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting Target Unicorn Floats that embody the design protected

by Covves' '617 patent.

55. Covves has been damaged, in an amount to be determined, as a direct and proximate result of Target's infringement of the '617 patent.

### Count 2

### Infringement of US. Patent No. D783,370 (Unicorn Bev Boat)

56. Covves incorporates each paragraph above into this claim.

57. Covves is the owner of the '370 patent.

58. Target has directly infringed the '370 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting Unicorn Bev Boats that embody the design protected by Covves' '370 patent.

59. Covves has been damaged, in an amount to be determined, as a direct and proximate result of Target's infringement of the '370 patent.

### Count 3

### Infringement of US. Patent No. D787,617 (Rainbow Ring Float)

60. Covves incorporates each paragraph above into this claim.

61. Covves is the owner of the '617 patent.

62. Target has directly infringed the '617 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting the Rainbow Ring Float, which embodies the design protected by Covves' '617 patent.

63. Covves has been damaged, in an amount to be determined, as a direct and proximate result of Target's infringement of the '617 patent.

64. Target's infringement of the '617 patent has been and continues to be willful. As noted above, Target has long known of the '617 patent and its need for a license to practice the patented design. Target has deliberately continued to infringe in a wanton, malicious, and egregious manner with reckless disregard for Covves' patent rights. Thus, Target's infringing actions have been and continue to be

consciously wrongful.

65. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further supports that this is an exceptional case necessitating an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### Count 4
### Infringement of US. Patent No. D783,370 (Rainbow Drink Holders)

66. Covves incorporates each paragraph above into this claim.

67. Covves is the owner of the '370 patent.

68. Target has directly infringed the '370 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by selling, offering to sell, advertising, and promoting the Rainbow Drink Holder, which embodies the design protected by Covves' '370 patent.

69. Covves has been damaged, in an amount to be determined, as a direct and proximate result of Target's infringement of the '370 patent.

70. Target's infringement of the '370 patent has been and continues to be willful. As noted above, Target has long known of the '370 patent and its need for a license to practice the patented design. Target has deliberately continued to infringe in a wanton, malicious, and egregious manner with reckless disregard for Covves' patent rights. Thus, Target's infringing actions have been and continue to be consciously wrongful.

71. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further supports that this is an exceptional case necessitating an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Covves prays that this Court enter judgment in its favor on the claim for relief set forth above and award Covves relief including but not

limited to an Order:

    A.    Granting a judgment that Target has infringed the '617 patent and the '370 patent.

    B.    Permanently enjoining Target and its officers, directors, agents, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of the Patents-in-Suit.

    C.    Granting an accounting of Target's revenue, gross profits, and net profits from all sales of infringing products.

    D.    Awarding Target's total profits to Covves pursuant to 35 U.S.C. § 289.

    E.    Ordering Target to pay to Covves actual damages adequate to compensate for the infringements in the form of a reasonable royalty for the use made of the patented designs by Target, together with prejudgment and post-judgment interest and costs, in accordance with 35 U.S.C. § 284.

    F.    Awarding treble damages pursuant to 35 U.S.C. § 284 for Target's willful and deliberate infringement.

    G.    Finding this to be an "exceptional case" and awarding Covves its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

    H.    Awarding such other and further relief as this Court may deem just and appropriate under the circumstances.

# **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Covves demands a trial by jury on all issues so triable.

DATED: January 27, 2023          THE MCARTHUR LAW FIRM, PC


By: */s/ Stephen C. McArthur*
    STEPHEN C. MCARTHUR

Stephen McArthur
stephen@smcarthurlaw.com
Thomas Dietrich
tom@smcarthurlaw.com
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (424) 258-6815

*Attorneys for Plaintiff Covves, LLC*