**CLEAR FORM**

Name: Stephen McArthur
Address: 8383 Wilshire Blvd., Ste. 800
City, State, Zip: Beverly Hills, CA 90211
Phone: 323-639-4455
Fax:
E-Mail: stephen@smcarthurlaw.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Covves, LLC,

PLAINTIFF(S),

v.

Target Corporation; Target Brands, Inc.,

DEFENDANT(S).

CASE NUMBER:

2:23-cv-00640-RGK-MAR

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Covves, LLC_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   MSJ Order, Docket No. 83

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___12/21/2023___. Entered on the docket in this action on ___12/21/2023___.

A copy of said judgment or order is attached hereto.

1/19/2024                          /s/ Stephen C. McArthur
Date                               Signature
                                   ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form06instructions.pdf

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

> Covves, LLC

Name(s) of counsel (if any):

> Stephen C. McArthur
> Thomas E. Dietrich
> The McArthur Law Firm, PC

Address: 8383 Wilshire Blvd., Ste. 800, Beverly Hills, CA 90211

Telephone number(s): 323-639-4455

Email(s): stephen@smcarthurlaw.com; tom@smcarthurlaw.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ● Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

> Target Corporation
> Target Brands, Inc.

Name(s) of counsel (if any):

> Christina Goodrich
> Cassidy Young
> K&L Gates LLP

Address: 10100 Santa Monica Blvd., 8th Fl., Los Angeles, CA 90067

Telephone number(s): 310-552-5000

Email(s): christina.goodrich@klgates.com; cassidy.young@klgates.com

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                                    1                                         New 12/01/2018

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Motions for Summary Judgment [DEs 45, 46]

## I. INTRODUCTION

Covves, LLC ("Covves") is the owner of several design patents for unicorn-shaped inflatable pool toys, including U.S. Patent Nos. D787,617 and D783,370 (collectively, the "Patents-in-Suit"). In or before 2018, Covves discovered that BigMouth, Inc. and BigMouth, LLC (collectively, "BigMouth") had been manufacturing products (the "Accused Products") that allegedly infringed the Patents-in-Suit. The Accused Products were sold by various retailers, including Target Corp. and Target Brands, Inc. (collectively, "Target"). Covves subsequently filed two infringement lawsuits. The first was filed against Target and various other retailers before this Court (the "California Action").[1] The second was filed solely against BigMouth in the Northern District of Indiana (the "Indiana Action").[2]

On December 20, 2019, the Court granted summary judgment for Plaintiff on the validity of the Patents-in-Suit in the California Action. Shortly thereafter, Plaintiff, BigMouth, Target, and the other retailer defendants entered into a Settlement Agreement (the "Agreement"). BigMouth agreed to indemnify the retailer defendants and make certain payments to Plaintiff. After making the first payment, BigMouth defaulted. Plaintiff moved to reopen the California Action, but the Court denied the motion and the Ninth Circuit affirmed.

On January 27, 2023, Plaintiff filed a new lawsuit (the "Instant Action") against Target, once more alleging infringement of the Patents-in-Suit. (ECF No. 1.) On April 17, 2023, Target answered, asserting various affirmative defenses including: (1) inequitable conduct; (2) settlement and release; (3) waiver; and (4) unclean hands. (ECF No. 14.) Presently before the Court are the Parties' dueling

---

[1] *Covves, LLC v. Dillard's, Inc., et al.*, Case No. 2:18-cv-08518-RGK-AFM (C.D. Cal. Oct. 3, 2018). BigMouth was originally a defendant in the California Action but was voluntarily terminated shortly after the filing of the Indiana Action.
[2] *Covves, LLC v. BigMouth Inc., et al.*, Case No. 1:18-cv-03307-JMS-TAB (N.D. Ind. Oct. 26, 2018).

No JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

Motions for Summary Judgment. (ECF Nos. 45, 46.) For the following reasons, the Court **GRANTS** Target's Motion and **DENIES** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

The majority of the Parties' legal disputes concern the proper interpretation and effect of the Agreement. The relevant contents of the Agreement, as set forth below, are undisputed.

The Agreement was entered between Covves and BigMouth, Target, and the other retailer defendants (collectively, "Defendants").[3] BigMouth agreed to indemnify the other Defendants and assume sole responsibility for making settlement payments, including an initial payment and six quarterly payments. (Su Decl., Ex. 1 (hereinafter, "Agreement") ¶ 1.1, ECF No. 45-4.) In exchange, Covves and Defendants agreed to file stipulated dismissals of the California and Indiana Actions and execute the following mutual releases:

> **2.0   MUTUAL RELEASES**
>
> 2.1   <u>By Covves.</u> In consideration of the full and faithful performance of the terms and conditions of this Agreement, Covves . . . release[s] Defendants . . . from any and all claims . . . relating to the Accused Products.
>
> 2.2   <u>By Defendants.</u> In consideration of the full and faithful performance of the terms and conditions of this Agreement, Defendants . . . release Covves from any and all claims . . . relating to the Accused Products, [Patents-in-Suit] or the claims alleged in the [California and Indiana] Actions.
>
> 2.3   Each party shall bear their own attorneys' fees and costs associated with the [California and Indiana] Actions.
>
> 2.4   Defendants will not challenge, oppose, cancel, or otherwise object to or interfere with the [Patents-in-Suit] or [Covves's] use or registration thereof, whether now or in the future.

(*Id.* ¶¶ 2.0–2.4.)

The Agreement also set forth the following procedures and remedies in the event of a breach:

---

[3] To be clear, "Defendants" refers to the various defendants of the California and Indiana Actions that were counterparties to the Agreement. "Defendants" are not the defendants in the Instant Action. Target Corp. and Target Brands, Inc. (collectively, "Target") are the sole defendants in the Instant Action.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
| Title | *Covves, LLC v. Target Corp. et al.* | | |

**3.0 REMEDY FOR DEFAULT**

3.1 Any Party claiming the other Party has defaulted on or otherwise breached the other Party's obligations under this Agreement ("Claiming Party") shall provide prompt written notice of such alleged default or breach. The Party alleged to have defaulted under or to have breached this Agreement shall be given seven (7) business days to cure any alleged default or breach to the satisfaction of the Claiming Party. If, after the cure period, the alleged default or breach is not cured to the satisfaction of the Claiming Party, the Claiming Party may initiate the necessary proceedings to enforce and/or otherwise recover damages as a result of the alleged breach. The prevailing party shall be entitled to its reasonable attorneys' fees and costs.

. . .

3.3 If, after written notice of default, BigMouth is more than 30 days late on its Initial Payment or any one of its six Quarterly Payments, then Covves, at its option, may choose to reinstate and reopen the California Action and Indiana Action, including any and all claims and requests for damages. In this event, the Settlement Payment made to Covves will be considered accrued against any judgment in the Indiana Action and shall not be counted against or accrued against any judgment in the California Action. This remedy is in addition to any other remedies that may be available to Covves.

(*Id.* ¶¶ 3.0–3.1, 3.3.)

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the cause of action. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *See Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 96–97 (9th Cir. 1983). The non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324. The

No JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id.*

### IV.  DISCUSSION

Target moves for summary judgment on its release and inequitable conduct defenses. Covves moves for summary judgment on those same defenses, as well as Target's waiver and unclean hands defenses. Upon review of the Agreement, the Court finds that Target prevails on its release defense as a matter of law.

"A release is an instrument by which the signing party (releasor) relinquishes claims or potential claims against one or more persons (releasees) who might otherwise be subject to liability to him." *Rodriguez v. Oto*, 212 Cal. App. 4th 1020, 1026 (2013).[4] "The existence of a valid release is a complete defense to a tort action against the releasee." *Id.* When a release bars a lawsuit, the releasor cannot bring the lawsuit unless the release is rescinded. *Vill. Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 50 Cal. 4th 913, 917 (2010). To prevail on a release defense, the defendant bears the burden of "establishing the validity of [the] release as applied to the case at hand." *Eriksson v. Nunnink*, 191 Cal. App. 4th 826, 856 (2011) (quoting *City of Santa Barbara v. Super. Ct.*, 41 Cal. 4th 747, 780 n.58 (2007)).

Here, Target argues that the Agreement serves as a release, shielding it from Covves's patent infringement claims. Specifically, Target argues that Covves's claims are barred either by: (1) the mutual releases or (2) the specified remedies for default. The Court addresses each argument in turn.

#### A.  Mutual Releases

Target argues that Covves relinquished the right to bring its claims against Target in any manner because of the mutual releases. The Court disagrees.

Contracts are interpreted according to the mutual intent of the parties. *AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 821–22 (1990) (in bank) (citing Cal. Civ. Code § 1636). This intention "is to be ascertained from the writing alone, if possible." Cal. Civ. Code. § 1639. If the contract language "is clear and explicit, and does not involve an absurdity, the plain meaning governs." *West Pueblo Partners, LLC v. Stone Brewing Co., LLC*, 90 Cal. App. 5th 1179, 1185 (2023) (citing Cal. Civ. Code § 1638).

---

[4] Because the Agreement must be "interpreted, enforced and governed exclusively by and under the laws of the State of California," the Court applies California law. (Agreement ¶ 6.3.)

No JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

Here, Covves's release was conditioned upon "the full and faithful performance of the terms and conditions of [the] Agreement." (Agreement ¶ 2.1.) Target argues that this release is effective because Target fully performed, having refrained from seeking attorneys' fees or invalidating the Patents-in-Suit. (*See id.* ¶¶ 2.3–2.4.) However, Covves did not agree to release claims against individual defendants based on their individual performance. Rather, Covves agreed to release claims only upon "the full and faithful performance of the terms and conditions of [the] Agreement." (*Id.* ¶ 2.1.) Anything short of full performance, including non-performance by a single defendant like BigMouth, negates the release. Target does not credibly dispute this plain interpretation or argue that this interpretation is absurd. Thus, this argument fails.

### B. Remedies for Default

Target alternatively argues that, notwithstanding the mutual release, Covves is barred from asserting its claims in a new lawsuit because a new lawsuit is not one of the available remedies specified in the Agreement. The Court agrees.

A party may agree to place limits on its available remedies, effectively releasing all other remedies. For instance, parties may agree to have claims arbitrated, litigated before a particular forum, or capped. *See, e.g., Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 499–501, 503 (2005) (enforcing arbitration clause); *Smith, Valentino & Smith, Inc. v. Super. Ct.*, 17 Cal. 3d 491, 494, 495–96 (1976) (enforcing forum-selection clause); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, 2010 WL 1293522, at *1, 3 (N.D. Cal. Mar. 31, 2010) (enforcing damages cap).

Here, the Agreement sets forth only two possible remedies for breach: (3.1) "initiate the necessary proceedings to enforce and/or otherwise recover damages as a result of the alleged breach"; and (3.3) "reinstate and reopen the California Action and Indiana Action, including any and all claims and requests for damages." (Agreement ¶¶ 3.1, 3.3.) Covves pursues neither remedy here. Covves filed a new lawsuit reasserting its patent infringement claims against Target. Covves does not seek damages under breach of contract as set forth under paragraph 3.1, nor did it reinstate or reopen the California or Indiana Actions as set forth under paragraph 3.3. Nonetheless, Covves argues that the Instant Action qualifies under paragraph 3.3 under a broader interpretation of the "reinstate and reopen" requirement. This argument fails.

Covves argues that paragraph 3.3 allows it to file a new lawsuit because a new lawsuit has the same effect as reinstating or reopening its claims. However, paragraph 3.3 does not allow Covves to reinstate or reopen its claims; it allows Covves to "reinstate and reopen the California Action and Indiana Action, *including* any and all claims and requests for damages." (*Id.* ¶ 3.3 (emphasis added).) While Covves may reinstate and reopen the prior actions, including the claims therein, it may not assert those claims independently, outside of those actions. A new lawsuit clearly conflicts with the "reinstate and reopen" requirement in this manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

This requirement cannot be so casually disregarded, either. In paragraph 3.1, the Parties agreed that Covves could broadly "initiate the necessary proceedings" to seek damages for breach of contract. (*Id.* ¶ 3.1.) By contrast, in paragraph 3.3, the Parties agreed that Covves could only "reinstate and reopen" the prior actions. (*Id.* ¶ 3.3.) Had the Parties intended for Covves to file a new lawsuit, they could have expressly reserved that right or used broad language similar to paragraph 3.1. The Parties did neither, however. Thus, the plain language of the requirement controls. *See Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 457–58 (2022) ("[W]here [a] document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.") (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 170 (2012)).

Alternatively, Covves argues that the Court should excuse the "reinstate and reopen" requirement because Target is judicially estopped from enforcing that requirement. This argument fails as well.

"Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Aguilar v. Lerner*, 32 Cal. 4th 974, 986 (2004). Estoppel applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Id.*

Covves argues that Target has taken inconsistent positions with respect to paragraph 3.3. According to Covves, whereas Target previously argued that paragraph 3.3 counseled against reopening the California Action, Target now argues that paragraph 3.3 requires reopening the action. Covves misses the mark. The previous position does not support judicial estoppel because Target was not successful in asserting it. While the Court ultimately sided with Target by denying Covves's motion to reopen, it did not find that paragraph 3.3 precluded reopening the lawsuit. Rather, the Court denied the motion because Covves failed to seek the Court's permission to retain jurisdiction to enforce the Agreement or demonstrate that BigMouth's default independently justified relief under Rule 60. *Covves, LLC v. Dillard's, Inc.*, 2021 WL 342572, at *3–4 (C.D. Cal. Jan. 8, 2021).

For these reasons, the Court finds that paragraph 3.3 does not apply, and thus Covves released its claims against Target. The Court therefore **GRANTS** Target's Motion for Summary Judgment. Having found in Target's favor, the Court further **DENIES** Covves's Motion for Summary Judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00640-RGK-MAR | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Covves, LLC v. Target Corp. et al.* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Target's Motion for Summary Judgment [46] and **DENIES** Covves's Motion for Summary Judgment [45]. <u>Defendant shall submit a final judgment consistent with this Order within fourteen (14) days of this Order's issuance.</u>

The pending Motions in Limine [56-62; 65-69; and 73-78] are denied as moot. Further, the Applications to File Documents Under Seal [63 and 69] are also denied as moot.

The Pretrial Conference set for January 8, 2024, and the Jury Trial set for set for January 30, 2024 are vacated and taken Off-Calendar.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |

## CERTIFICATE OF SERVICE

Case Name: *Covves, LLC v. Target Corporation et al.*
Case No.: 2:23-cv-00640-RGK-MAR

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

I have caused service of the foregoing documents, described as:

**PLAINTIFF COVVES, LLC'S NOTICE OF APPEAL**

on the following parties by electronically filing the foregoing on January 19, 2024, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christina Goodrich         *Attorneys for Defendants*
christina.goodrich@klgates.com
Cassidy Young
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Tel. 310-552-5000

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 1/19/2024     By: */s/ Stephen McArthur*
              Stephen McArthur

NOTICE OF APPEAL